UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

BETHANY LYN LOCKE,　　　　　　　　　　Case No. 15-31022-dof
　　　　Debtor.　　　　　　　　　　　　　　　Chapter 7 Proceeding
　　　　　　　　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

## OPINION REGARDING DEBTOR'S MOTION FOR AN ORDER TO SHOW CAUSE

### Introduction

The Debtor, Bethany Locke, filed a Motion for an Order to Show Cause directed to the University of Michigan - Flint and Shek Law Offices because the University of Michigan - Flint is garnishing her wages. The University of Michigan - Flint and its attorney, Shek Law Offices, filed a Response to this Motion and the Court held a hearing on February 21, 2018, and scheduled an evidentiary hearing for May 1, 2018. At the evidentiary hearing, the Court heard the testimony of Debtor and the University of Michigan - Flint employees, Sarah Bennett and Mary Hogan. The Court also admitted Exhibits A-F and Exhibits 1-6.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

### Findings of Fact

Ms. Locke was enrolled as a student at the University of Michigan - Flint for the fall 2008 and winter 2009 semesters and received financial aid, including a Federal Direct Unsubsidized Loan and a Federal Direct Subsidized Loan. Ms. Locke completed her fall 2008 semester and then

1

enrolled for classes for the winter 2009 semester. For a variety of reasons, Ms. Locke could not attend the classes and she did not notify the University of Michigan - Flint that she withdrew from these classes. The University of Michigan - Flint noticed that all of her instructors gave her a failing mark for the winter 2009 classes, which prompted the University of Michigan - Flint to look back to see if she attended classes. Through its investigation, the University of Michigan - Flint determined that Ms. Locke did not attend any class after March 11, 2009, which was slightly past the 50% point of the winter 2009 semester. Accordingly, the University of Michigan - Flint was required to pay $1,711 to the Federal Direct Unsubsidized Loan Program and notified Ms. Locke that she was required to repay that amount to the University of Michigan - Flint. Ms. Locke was advised of that determination by way of a letter dated June 22, 2009.

Thereafter, the University of Michigan - Flint filed a lawsuit with the Clare County District Court for $1,711 and a default judgment was entered May 16, 2013. Approximately two years later, Ms. Locke filed a Chapter 7 petition with this Court on April 21, 2015, and listed the University of Michigan - Flint as a creditor. The Clare County District Court administratively closed this case and Ms. Locke received her discharge on July 28, 2015. Subsequently, on August 30, 2017, Shek Law Offices reopened the Clare County District Court case and began garnishing Ms. Locke's wages. After exchanging correspondence, Debtor and Debtor's counsel concluded that Debtor's proceeding should be reopened to enforce the discharge injunction issued by virtue of the discharge that Ms. Locke received on July 28, 2015.

At the evidentiary hearing, Ms. Locke testified that she borrowed money through the Unsubsidized and Subsidized Loan Programs available to her and that her balance on her Direct Unsubsidized Stafford Loan for this time period remains at $6,000 with no payment, but in deferral

2

because of her income. Likewise, her Direct Subsidized Stafford Loan balance has stayed the same at $4,500 with no payment, but in deferral because of her income. As she testified on May 1, 2018, she currently has a payment plan requiring her to pay $0 on these loans because of her income. In contrast, Ms. Hogan testified that after the calculation was made of Ms. Locke's participation in the winter 2009 classes, the University of Michigan - Flint returned $1,711 to the Unsubsidized Federal Direct Stafford Loan Program and that money was sent to the proper sources at the United States Department of Education. No evidence was given as to why these monies were not credited to Ms. Locke's accounts, but the Court finds that both Ms. Locke and Ms. Hogan testified credibly on this issue.

## Analysis

The University of Michigan - Flint has demonstrated that the $1,711 stated in its account constitutes an educational benefit or loan as described in 11 U.S.C. § 523(a)(8). The University of Michigan - Flint received these monies from the United States Department of Education as a result of Ms. Locke's status and then was required to repay the United States Department of Education $1,711.

Ms. Locke raises two arguments to support her position. The first is that the University of Michigan - Flint is barred by the concept of res judicata because the judgment it took in 2013 did not allege that this obligation was a student loan and therefore is barred from making that claim in 2017. While Ms. Locke makes a compelling argument, she ignores an important component of the application of res judicata: whether an issue would be one that could be determined at the Clare County District Court. The doctrine of res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and

3

(3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004) (citing *Sewell v. Clean Cut Mgmt.*, 621 N.W.2d 222, 225 (Mich. 2001)). As argued by Ms. Locke, Michigan takes "a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* at 396 (citing *Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. 1999)).

Here, the University of Michigan - Flint filed its lawsuit approximately three years before Ms. Locke filed bankruptcy and it certainly had no reason to believe that Ms. Locke would file bankruptcy approximately three years later. Moreover, the University of Michigan - Flint need not anticipate every action that Ms. Locke could have taken, including filing bankruptcy, when it filed a relatively straightforward complaint for repayment of funds that it was required to return to the United States Department of Education. Whether the debt owed to the University of Michigan - Flint was a student loan was not at issue in the state court proceeding nor was the University of Michigan - Flint obligated to raise it then. The application of res judicata with these facts is inappropriate and is of no avail to Ms. Locke.

Second, Ms. Locke argues that the University of Michigan - Flint acted untimely in making a determination that it had to repay $1,711 to the United States Department of Education and give Ms. Locke notice of that determination as required by 34 C.F.R. § 668.22. Per this regulation, an institution such as the University of Michigan - Flint has certain deadlines[1] to meet depending upon whether a student has officially withdrawn or not. In instances where a student has not officially

---

[1] The deadlines vary depending on whether or not the institution is required to take attendance. The deadlines that apply here are for an institution that is not required to take attendance.

withdrawn, the University of Michigan - Flint is allowed 30 days from the end of the period of enrollment, which is measured as the last day a class or exam is taken, to make a determination of the student's withdrawal date. § 668.22(j)(2). Thereafter, the institution must send notice to the student within 30 days. § 668.22(h)(4)(ii).

Applied to this case, the last day of classes for the University of Michigan - Flint was April 29, 2009, which triggers the 30 day period of May 29, 2009, for the University of Michigan - Flint to make a determination of whether the funds should be returned. Thereafter, the 30 day period would fall on June 28, 2009, as the deadline that the University of Michigan - Flint had to notify Ms. Locke that she was required to repay monies to the University of Michigan - Flint that were returned to the United States Department of Education. Since notice was sent to Ms. Locke on June 22, 2009, the University of Michigan - Flint's steps were timely taken and the procedural issues raised by Ms. Locke are of no avail. For these reasons, the Court denies the Debtor's Motion for an Order to Show Cause for damages emanating from a violation of the discharge injunction.

Counsel for the University of Michigan - Flint and Shek Law Offices is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on June 21, 2018**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**